IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAMZEE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00443-DGK |
| ) | |
| KANSAS CITY CHIEFS FOOTBALL CLUB, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAYING CASE

This employment case arises from Defendant Kansas City Chiefs Football Club, Inc.'s termination of Plaintiff Ramzee Robinson. Plaintiff filed a three-count lawsuit, alleging racial discrimination and retaliation claims under 42 U.S.C. § 1981 as well as a Missouri state law claim for tortious interference. ECF No. 1.

Now before the Court is Defendant's motion to compel arbitration and stay this case pending arbitration. ECF No. 10. Plaintiff opposes the motion, arguing that the alleged arbitration agreement is invalid for a variety of reasons. ECF No. 15.

Because there is a valid and enforceable arbitration agreement that covers all claims in this case, Defendant's motion is GRANTED, and this case is STAYED pending arbitration. The parties shall file a status report regarding arbitration every 90 days.

### Undisputed Material Facts

Plaintiff is an African-American male who played in the National Football League ("NFL") for the Detroit Lions and Denver Broncos. After his playing career ended, Plaintiff began working for Defendant in 2016 in what appears to be a player engagement and development role. When he

started in this role, Plaintiff signed an arbitration agreement that designated him as an at-will employee and obligated him to arbitrate all disputes he had with Defendant. ECF No. 16-1.

On or around October 25, 2023, Plaintiff signed a new employment agreement (the "Employment Agreement") with Defendant. Defendant's President signed the agreement on Defendant's behalf. This agreement designated Plaintiff as Director of Player Engagement, included an employment term until March 31, 2027, and included escalating base salaries for additional years. ECF No. 11-1 at 1. Unlike Plaintiff's prior employment agreement, nothing in the Employment Agreement specifically defined the employment arrangement as at will.

The Employment Agreement also contained a sub-provision requiring the parties to arbitrate "all matters in dispute between" them (the "Arbitration Agreement"). *Id.* at 6. The Arbitration Agreement further clarifies that the arbitrable disputes include "any dispute arising from the terms of this Contract [or Plaintiff's] employment with [Defendant]." *Id.* Under the Arbitration Agreement, if the NFL Commissioner decides the "dispute is football-oriented," then he or his designee serves as the arbitrator. *Id.* If the NFL Commissioner decides it is "not football-oriented," then he may send the dispute to the arbitration provider JAMS. *Id.* If the dispute is a mix of "football-oriented" and "not football-oriented," then the entire dispute may be decided by the NFL Commissioner, JAMs, or it may be bifurcated between the two. *Id.*

The Arbitration Agreement also contains a delegation clause that requires "all questions of arbitrability . . . shall be resolved by the arbitrator selected pursuant to this Paragraph 15." *Id.* at 7. It further concludes with several safety valve provisions. One provision requires covered disputes to be sent to JAMS if any court determines that the NFL Commissioner cannot arbitrate the case. *Id.* The final provision requires that any provision that is found unenforceable must be severed and the other provisions shall remain in full force. *Id.*

Almost two years after Plaintiff signed the Employment Agreement, Defendant terminated him for allegedly attacking a female co-worker. Plaintiff alleges that his termination was racially motivated because the other decisionmakers were white and the woman who replaced him was also white. He also claims that he and other African-American employees were paid less than white employees. Prior to his termination, Defendant prevented the Houston Texans from interviewing Plaintiff. Plaintiff filed this lawsuit a few months after his termination

## Standard

The Federal Arbitration Act ("FAA") applies here. The FAA "establishes a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (internal quotation marks omitted). The FAA requires this Court to order arbitration so long as: (1) "a valid [arbitration] agreement exists"; and (2) "the dispute falls within the scope of that agreement." *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 402 (8th Cir. 2021) (internal quotation marks omitted). "The party resisting arbitration bears the burden of showing either that the arbitration provision is invalid or that it does not encompass the claims at issue." *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022).

## Discussion

Defendant first argues that this case must be sent to arbitration without further inquiry because of the delegation clause. Even in absence of that clause, Defendant argues that the Court must compel arbitration because the Arbitration Agreement is valid and it covers this dispute. Plaintiff briefly argues that the delegation clause is invalid, but he primarily argues that the Arbitration Agreement is invalid because it lacks consideration and is unconscionable.

Even assuming the delegation provision does not control, the Court must still compel arbitration because the Arbitration Agreement is valid and covers this dispute. On the validity

3

front, all the contract elements are met. *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014) ("[T]he essential elements of any contract, including one for arbitration, are offer, acceptance, and bargained for consideration." (internal quotation marks omitted)). The Arbitration Agreement constitutes a definite offer to arbitrate disputes between the parties, and Plaintiff accepted that offer by affixing his signature to the Employment Agreement.

That leaves only consideration. Plaintiff argues that element is lacking because the only consideration was his continued at-will employment. That is counterfactual. Plaintiff has not demonstrated that the Employment Agreement offered at-will employment; to the contrary, it set a term of employment, an escalating salary, and a for-cause termination provision. None of those provisions suggest employment was at will. *Cf. id.* at 775 ("absent an employment contract with a definite statement of duration . . . an employment at will is created."). But even if that were not the case, the Arbitration Agreement is supported by mutual promises to arbitrate all disputes involving damages. That is sufficient consideration. *See id.* at 776–77; *see also State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 809 (Mo. 2015) (finding that mutual promises to arbitrate all disputes between an employee and the St. Louis Rams was sufficient consideration); *Valle v. Shack Rest. Grp., LLC*, 681 S.W.3d 265, 272 (Mo. Ct. App. 2023) ("[T]he requisite consideration consisted of the parties' mutual promises to arbitrate, not Valle's continued at-will employment.").

In a final effort to sidestep the Arbitration Agreement, Plaintiff argues that it is unconscionable because it is a contract of adhesion and the NFL Commissioner is improperly designated as the arbitrator. Both arguments lack merit. The Missouri Supreme Court has been clear that a naked allegation of unequal bargaining power is not enough to find an arbitration agreement unconscionable. *See Hewitt*, 461 S.W.3d at 809–10. And like in *Hewitt*, Plaintiff provides no evidence that Defendant abused its power or otherwise coerced him.

The arbitrator argument fares no better. The Arbitration Agreement does not automatically make the NFL Commissioner the arbitrator. And even if it did, "the unconscionability of the terms regarding the arbitrator does not invalidate the entire agreement to arbitrate." *Id.* at 813. That is especially true here since the Arbitration Agreement includes a safety valve that requires the case to be sent to JAMS if the NFL Commissioner is disqualified as the arbitrator. Thus, these reasons do not provide a basis to invalidate the Arbitration Agreement.

The only issue remaining is whether this is a covered dispute. Plaintiff argues the dispute is not covered because the Arbitration Agreement is invalid. But as shown above, the Arbitration Agreement is valid. And there is no question that Defendant's alleged discriminatory, retaliatory, and tortious actions taken against Plaintiff while he worked for Defendant fall within the broad Arbitration Agreement that covers "all matters in dispute between [Plaintiff] and [Defendant] . . . including . . . any dispute arising from the terms of this Contract [or] [Plaintiff's] employment with [Defendant]." ECF No. 11-1 at 6.

Accordingly, Defendant's motion is GRANTED. Plaintiff is ORDERED to arbitrate his claims in accordance with the Arbitration Agreement. This case is STAYED pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 480 (2024).

## Conclusion

For the foregoing reasons, Defendant's motion is GRANTED, and this case is STAYED pending arbitration. The parties shall file a status report regarding arbitration every 90 days.

**IT IS SO ORDERED.**

Date: January 12, 2026     /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT